OPINION OF THE COURT — by the
Hon. J. R. NICHOLSON.
This was a motion to revive a bill in chancery, in the name of the administrator ad colligendum, together with a motion to dismiss the bill for want of prosecution. At common law, letters ad colligendum bona de-funcii, did not make a person executor or administrator; it only authorized him to collect the goods of the deceased, take care of them, and deliver them over to the executor, or administrator, when appointed — 2 Blac. 505.
Our statute, revised code, 39, sec. 40 and 41, extends the duties of a collector ad colligendum. It authorizes him to sell perishable property, which would be in danger of waste. It also authorizes him to bring suit for debts due to the decedent, and release the same on payment thereof. His duties are to collect & preserve the property from waste on the immediate decease of an individual;'and his duties terminate with the appointment of an executor or administrator. Erwin and. Wright, although complainants in the bill, stand as defendants at law. The collector in this case, so far from commencing a suit, as he is authorized by the statute, would be resisting the claim of Roach, the defendant, whose judgment at law is tied up by the injunction of these complainants. It might be all important, that the collector should commence suit to prevent' the statute of limitations *387 from defeating the claim of the deceased; but the same reason will not apply, where the deceased is already in law. The suit can remain in “statu quo,” until an executor or administrator is appointed. The statute, which enumerates the duties of a collector, does not authorize him to be made defendant in any case.. “Expressio Urdus est exclusio alte-riusP
It is the opinion of the court, that this suit cannot be revived in the name of the collector, and two terms haying passed since the complainauts death was suggested, the bill must be dismissed.
All the Judges concur.